UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CULHANE,

        Petitioner,               Case Number: 2:13-CV-13849

v.                                    HON. GEORGE CARAM STEEH

B. HOFFNER,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Robert Culhane (Petitioner) is a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He challenges his convictions for first-degree home invasion, unlawful imprisonment, felonious assault, and carrying a weapon with unlawful intent. The claims raised do not provide a ground on which habeas relief may be granted. Therefore, the petition will be dismissed.

**I.**

      Petitioner pleaded guilty in Macomb County Circuit Court to the offenses set forth above. On March 22, 2012, he was sentenced to 10 to 20 years in prison for the home invasion conviction, 50 months to 15 years in prison for the unlawful imprisonment conviction, 1 to 4 years in prison for the felonious assault conviction, and 14 months to five years in prison for the carrying a weapon with unlawful intent conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> The defendant is entitled to resentencing because the trial court erred by scoring OV-4 at 10 points, OV-8 at 15 points, OV-9 at 10 points, and OV-10 at 10 points, when there was no evidence to support the scoring of those variables; these errors resulted in the use of an inaccurate sentencing guidelines range in violation of his state and federal right to due process.

The Michigan Court of Appeals denied leave to appeal. *People v. Culhane*, No. 312519 (Mich. Ct. App. Apr. 29, 2013).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *People v. Culhane*, 829 N.W.2d 213 (Mich. Apr. 29, 2013).

Petitioner then filed the pending habeas corpus petition. He raises the same claims raised on direct appeal.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds

which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner seeks habeas relief on the grounds that the trial court erred in scoring offense variables 4, 8, 9 and 10, and because the court relied on facts not admitted by him or found by a jury.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A]

-4-

state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Therefore, habeas corpus relief is not available for this claim.

Second, Petitioner argues that his sentence was improperly based upon facts not admitted by him or determined by the jury. In *Blakely v. Washington*, 543 U.S. 296, (2004), the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Blakely* involved a trial court's departure from Washington State's determinate sentencing structure. In contrast, Michigan has an indeterminate sentencing system for most crimes, including that for which Petitioner is imprisoned. The maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006). Indeterminate sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *Blakely*, 542 U.S. at 304–05, 308–09.

In this case, the sentencing court did not exceed the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* and *Apprendi* do not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

**IV.**

For the reasons stated, the petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

Dated: September 23, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 23, 2013, by electronic and/or ordinary mail and also on Robert Culhane #550704, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Barbara Radke
Deputy Clerk